103 So.2d 491 (1958)
Washington BELONEY
v.
GENERAL ELECTRIC SUPPLY COMPANY.
No. 21147.
Court of Appeal of Louisiana, Orleans.
May 26, 1958.
Rehearing Denied June 27, 1958.
John D. Lambert, Jr., New Orleans, for plaintiff and appellee.
Porteous & Johnson, Parnell J. Hyland, New Orleans, for defendants and appellants.
REGAN, Judge.
Plaintiff, Washington Beloney, a truck driver, instituted this suit against the defendants, his employer, General Electric Supply Company, and its insurer, Electric Mutual Liability Insurance Company, endeavoring to recover workmen's compensation at the rate of $35 per week for a period of four hundred weeks, subject to a credit of payments previously made, for total and permanent disability resulting from a fracture of the right wrist and heel incurred when he fell from a lifting machine to a concrete floor, a distance of fourteen feet, on March 11, 1956, as he was storing advertising material for his employer.
Defendants answered and admitted the occurrence of the accident but asserted that the plaintiff had completely recovered from any injuries incurred as a result of the accident and that he has fully resumed his former occupation as an employee of the defendant, General Electric Supply Company.
From a judgment in favor of the plaintiff and against the defendants awarding plaintiff compensation at the rate of $30 per week beginning March 11, 1956, for the duration of his disability, not exceeding 400 weeks, subject both to a credit for compensation paid from March 11, 1956, through July 9, 1956, and of $30 for each week that plaintiff has worked since July 9, 1956, or will work in the future for his employer as *492 a truck driver, defendants have prosecuted this appeal. Plaintiff answered the appeal, requesting that the judgment of the trial court be amended so as to award plaintiff full compensation at the rate of $35 per week for 400 weeks in addition to his salary as an employee, subject only to a credit for the compensation payments actually paid and in the alternative that the judgment of the trial court be affirmed.
The trial judge thoroughly analyzed this case in his written reasons for judgment, which in our opinion fully encompass the subject posed for our consideration and the result which we have agreed should be reached.
"There is no dispute that plaintiff was injured in March, 1956, in the course of his employment. He sustained disabling injuriesa fracture of his right wrist and his right heel. The company doctors discharged him after treatment, and plaintiff returned to work in July, 1956, and has been doing the same kind of work since, driving a truck all over the city, and loading and unloading heavy home appliances. He says he's doing the work, but he does it in pain because he has a wife and daughter to support.
"Plaintiff has been in the employ of defendant for eleven or twelve years, and his immediate supervisor, the superintendent of the plant or the warehouse, said that he has always been a competent and loyal employee.
"Plaintiff testified that, while he works, he does so in pain. Pain, of course, is subjective. Why he would pretend he's suffering pain if he is not suffering pain, I don't understand. His prior record shows he has been a steady and dependable employee for 11 years. He gains nothing by saying he's suffering pain, because he's doing the same character of work he did before his injuries; and as long as he's doing the same character of work, even though he otherwise would be entitled to compensation, his employer is entitled to credit for the amount of salary he's receiving while doing the same kind and character of work he was doing when injured. * * *. No employee is required to work when suffering pain from a compensable injury. See Reed v. Calcasieu Paper Company, 1957, 233 La. 747, 98 So.2d 175.
"Plaintiff's doctor (Salatich)[1] testified that plaintiff is absolutely unfit to drive a truck; yet, he's been doing it for sixteen months; never complained; doing his work well.
"Under the circumstances, I am constrained to hold that plaintiff still has a disabling injury presently but not permanently; that he is working with pain to support his wife and daughter; that he is now suffering a partial, temporary disability that disables him from working normally, and is working in pain; that he would be entitled to compensation not to exceed 400 weeks, subject to inquiry every six months under the Compensation Law. His employer is entitled to credit for compensation and salary paid * * *.
"Now, I saw moving pictures of him this morning. The plaintiff has never denied that he's doing the same kind of work. He has admitted that he has been lifting heavy things; putting them on the truck, and taking them off the truck. Moving pictures show him working very actively and very vigorously; *493 and what he's doing appears to be perfectly normal. If a man has a fracture of his wrist and heel, weight-bearing, upon which he must necessarily put stress and strain when he's lifting heavy objects, and uses those parts vigorously during the day, no wonder that, at night, he suffers pain that keeps him from having a restful night.
"In the case of Reed v. Calcasieu Paper Company, our Supreme Court held that a man was entitled to 400 weeks compensation even though he was doing the work, if he was doing it in pain.[2] Now I have no reason to believe that this man is malingering or pretending. His whole record, everything he's done convinces me to the contrary."
The foregoing reasons reveal that only questions of fact were posed for the trial court's consideration. The judge thereof obviously resolved the facts and the medical testimony in favor of plaintiff and believed that he suffered pain while he worked and therefore concluded, in conformity with the existing jurisprudence, that he was entitled to total and permanent disability.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant reversal by us. We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the testimony adduced herein or by endeavoring to reconcile the expert testimony offered on behalf of both litigants.
The trial judge was convinced that plaintiff suffered pain while he worked, fully cognizant of the fact that pain was subjective, and our evaluation of the record convinces us that the evidence preponderates in plaintiff's favor and the judgment is therefore correct.
On appeal counsel for the plaintiff insists that the lower court erred in awarding the sum of $30 per week rather than $35 per week in conformity with the present amended provision of the Workmen's Compensation Law. LSA-R.S. 23:1021 et seq. When plaintiff was injured the act provided for payments of $30 per week, and we are therefore of the opinion that the trial court was correct in awarding compensation predicated upon the provisions of the statute as it existed at the time that plaintiff was injured, rather than at the time suit was instituted or judgment rendered.
Plaintiff also contends that the trial court erred in awarding the defendant, General Electric Supply Company, a credit of $30 per week for each week that plaintiff worked for it after the resumption of his employment on July 9, 1956, which was the date that he was discharged by his employer's physician. In other words, plaintiff's counsel contends that he should be allowed to recover compensation of $30 per week in addition to his usual salary for this period. In support thereof plaintiff points to a relatively recent case[3] decided by this court wherein the plaintiff was employed by defendant as a "shipfitter." During the course of his employment his right hand became so badly mangled that it was necessary to amputate it above the wrist. When plaintiff had recovered from the operation the defendant created a new position of "pusher" which was a sort of subforeman, and he was carried on the payroll at an hourly rate of pay approximating that which he had earned prior to the accident. We expressed the opinion in that *494 case that wages paid to the plaintiff by defendant for working as a "pusher" would not be deducted in determining the amount of workmen's compensation payable to him for total and permanent disability. Obviously the rationale of that case is distinguishable from this case in that the plaintiff upon the resumption of his employment with the General Electric Supply Company performed identically the same duties that he engaged in prior to his injuries, and therefore $30 per week of the wages paid to him by the defendant will be deducted in determining the amount of workmen's compensation payable to him for total and permanent disability. If he had resumed working for the defendant and performed duties which were different from his former occupation, such as occurred in Myers v. Jahncke Service, he would then be entitled to earn the wages emanating therefrom together with the payment of compensation.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent.
NOTES
[1] Both plaintiff's and defendants' physicians conceded that the present orthopedic findings indicate that the fracture of the right wrist and heel has healed; however, there is correlated restriction in wrist mobility at this time relative to flexion. Therefore, the only question which was posed for the trial court's consideration was whether the injuries which plaintiff incurred on March 11, 1956, and which are now healed cause him to endure pain in the performance of the duties connected with his former occupation.
[2] "Where the employee can do the same kind of work but suffers great pain, the courts say that the humane philosophy of the compensation act would not permit them to require that he endure such discomfort or to bar him from compensation because economic necessity obliges him to continue working under physical distress." Malone, Louisiana Workmen's Compensation, Law and Practice, § 274, p. 331.
[3] Myers v. Jahncke Service, La.App.1954, 76 So.2d 436.