126 So.2d 6 (1961)
Oscar WILSON
v.
FOGARTY BROTHERS TRANSFER COMPANY, Inc., and the American Fidelity & Casualty Company.
No. 155.
Court of Appeal of Louisiana, Fourth Circuit.
January 3, 1961.
Rehearing Denied January 30, 1961.
*7 Garland R. Rolling, Metairie, for plaintiff-appellee.
Porteous & Johnson; Lloyd Cyril Melancon, New Orleans, for defendants-appellants.
JANVIER, Judge.
Oscar Wilson, a laborer, claims to have been totally and permanently disabled as a result of an accident which occurred in the course of his employment in the hazardous business of his employer. He brought this compensation suit against the employer, Fogarty Bros. Transfer Co., Inc., and its insurer, The American Fidelity & Casualty Company.
There was a judgment awarding plaintiff compensation at $35 per week for a period not in excess of 400 weeks "subject to a credit for all compensation or awards paid by defendants while plaintiff was in their employ," and for medical expenses not in excess of $2,500, subject to a credit for all medical expenses which may have been paid by defendants; fixing the fee of the attorney for plaintiff, and fixing the expert fee of one doctor at $100. Both defendants have appealed.
The occurrence of the accident is admitted as is also the necessity for a bone graft operation resulting from a fracture at "the base of his right fifth metatarsal," which is a part of the ankle bone assembly. It is conceded that he was disabled temporarily, but it is now contended that since he returned to the same work, for the same employer, and at the same rate of pay, and continued at that work until the time of the trial, he did not sustain total, permanent disability.
On behalf of plaintiff it is contended that though he did continue at the same work, he did so only because of the economic necessity forced upon him in order to provide for his wife and five children and that while doing his work he suffered such pains that at times he found it necessary to call upon fellow employees for help and in the evenings found it necessary to soak his ankle in salt water in order to reduce swelling and to alleviate the pain.
The accident occurred on May 19, 1959. The bone graft operation was performed by Dr. Irving Redler, an expert in orthopedic surgery, and the plaintiff was discharged by Dr. Redler as able to return to work as of December 7, 1959. Dr. Redler says that at that time he had sustained a residual disability in that foot amounting to about ten per cent and Dr. Redler also said that he had examined the plaintiff a few days before the trial and that he found that the foot was normal "other than the fact that he has this healed operative scar over the base of the fifth metatarsal where *8 I operated on him." Dr. Redler at that time found no swelling and said that "other than the scar itself there are no objective signs of disability."
Dr. Byron N. Unkauf, also an orthopedic expert, testified on behalf of plaintiff. He had examined plaintiff only once and did so for the purpose of being able to testify as to his condition, and he found that though there was no swelling at the time of his examination, he felt that there was reason for the pain which plaintiff claimed to suffer when he stood too long on that foot and that he felt that the reason for the absence of swelling, when he made his examination, was that plaintiff said that he had not worked for two days previously. Dr. Unkauf's opinion as to the disability of plaintiff was expressed as follows:
"* * * It was my opinion that this man who recently suffered a fracture at the base of the fifth metatarsal, which was subsequently openly reduced, is now suffering from the fact that the contour of the cuboid metatarsal joint has slightly altered, and this accounts for his complaints and symptoms."
Dr. Unkauf also said:
"At the present time he will continue to have pain whilst working as driving the type of truck he does."
When asked as to the extent of the disability of the foot, Dr. Unkauf said that it was "in the neighborhood of five to ten per cent."
Mr. Robert F. Vetzel, manager of the Local agency of the employer, said that Oscar Wilson was a very good employee and did his work well, but that "he has limped off and on, and I believe he has stated that on occasion he has had pain." Mr. Vetzel said that so far as he knew plaintiff had never taken any time off "due to the fact of irritation in his foot * * *."
While no lay witnesses nor members of the family were actually placed on the stand to corroborate plaintiff's statements that he often found it necessary to call on his fellow employees for help, counsel for plaintiff tendered three witnesses who did not testify, but two of whom were his coemployees and who, it was conceded, would testify that he was unable to do his work as he had previously done and that he was "slowed down."
Had this matter been submitted to us on the record without the benefit of the finding of the District Judge we would have found it difficult to hold that the pain which he suffered was sufficiently great to justify the conclusion that he should be entitled to recover compensation though able to do the same work for the same employer and at the same rate of pay.
It is well established, however, that where an employee, because of economic necessity, is forced to continue at work in considerable pain, he is entitled to be classified as totally permanently disabled. We discussed this in Daniel v. Transport Ins. Co., 119 So.2d 107 (citing numerous cases), and held plaintiff entitled to recover compensation based on total, permanent disability because, though he could work, he did so only with "substantial pain." In discussing this question, Professor Wes S. Malone, in his work entitled Louisiana Workmen's Compensation, Law and Practice, said that under such circumstances there may be recovery if the employee "can do the same kind of work but suffers great pain."
We find many other decisions on this subject, in some of which the words "considerable pain" are used and in all of which it is indicated that recovery may be allowed only where the pain which results is more than those ordinary aches and pains to which all flesh is heir.
Our conclusion is that, in order that recovery be permitted where the employee continues at work, there must be considerable pain and that the facts of each case must be looked to to determine whether the pain in that case is sufficiently great to justify *9 the award of compensation. We think that the facts here are such that it would not be proper for us to hold that the District Judge was obviously in error in finding that the plaintiff worked with such pain as to justify the conclusion that he is entitled to be classified as totally, permanently disabled.
When we examine the judgment we notice that the defendants were given credit "for all compensation or awards paid by defendants while plaintiff was in their employ." We interpret this to mean that the defendants were credited not for the total amount of wages paid, but for the number of weeks during which the plaintiff continued to work for the employer; in other words, the credit was to be on a per week and not on a dollar basis. In Flanagan v. Welch, 93 So.2d 36, 43, we said:
"Counsel for plaintiff contend that, even on the basis sought by the insurer, the credit for total disability to which the insurer would be entitled would not be for the amount paid, but only for the number of weeks during which maximum compensation had been paid and that since, according to counsel, the period during which compensation, on the basis of the partial loss of the use of the leg the number of weeks for which compensation would be paid, exceeded the number of weeks, 33, during which full compensation was paid, obviously there remained a number of weeks for which compensation should have been paid. This argument is based on the fact that it is now well established that, where there is disability and an employee is taken back to do work which he is unable to do but is nevertheless paid full wages as a kind of gratuity, the credit which is to be allowed when the amount of compensation is finally determined, is not to be based on the total amount paid but is only to be for the number of weeks during which such gratuity has been paid. That is the rule in those cases, but the statute expressly and clearly establishes a different rule in situations such as are found here."
See, also, Pohl v. American Bridge Division U. S. Steel Corp., La.App., 109 So.2d 823; Beloney v. General Electric Supply Co., La.App., 103 So.2d 491.
For the reasons assigned the judgment appealed from is affirmed; defendants to pay all costs.
Affirmed.