SAMUEL, Judge.
This is a suit for total and permanent disability benefits, together with penalties and attorney’s fees, under the Louisiana Workmen’s Compensation Act. The defendants are plaintiff’s employer at the time injury was incurred and its liability insurer. There was judgment in the trial court in favor of plaintiff to the extent that it granted total and permanent disability benefits, $35 per week not to exceed 373 weeks (compensation had been paid for a period of 27 weeks), and in favor of the defendants on the question of penalties and attorney’s fees, that portion of plaintiff’s demand being denied. The defendants have appealed, Plaintiff has answered the appeal seeking penalties and attorney’s fees and, alternatively, damages for frivolous appeal.
The fact that plaintiff sustained an injury in the course and scope of his employment with the defendant-employer is not in dispute. The judgment granting total and permanent disability benefits is based on a finding by the trial court to the effect that following the injury and at the time of trial plaintiff was unable to perform the work he had been doing at the time of injury without considerable pain. Defendants contend that plaintiff can do such work without pain and that he is now doing similar work for another employer.
When an injured employee cannot continue to perform the same or similar work without considerable pain he may be classified as totally and permanently disabled even though, because of economic necessity, he actually continues to work in such pain; the facts in each case determine whether the pain is sufficiently great as to justify the compensation award. Wilson v. Fogarty Brothers Transfer Company, La.App., 126 So.2d 6; Daniel v. Transport Insurance Co., La.App., 119 So.2d 107.
At the time of the accident plaintiff was employed as a combined warehouseman, and receiving and shipping clerk at a salary of $425 per month. With rare exceptions he worked alone. His duties consisted of receiving, shipping, posting and keeping records for inventory. In addition, and pertinent in connection with this case, he was required to unpack shipments, carry the same into a warehouse from the point where they were deposited by various deliverymen, place them in the proper stock bins and carry them out again when they were to be shipped. This involved lifting and carrying some items which weighed approximately 50 pounds and occasionally more. On July 24, 1962, when he was 35 years of age, plaintiff sustained an injury to his back while picking up a box which he estimated weighed about 65 or 75 pounds.
The injury did not satisfactorily improve with routine treatment and on August 10 a lumbar myelogram was performed. It revealed a herniated lumbar inter-vertebral disc. On August 13 plaintiff underwent surgery, a lumbar laminectomy, by which the injured disc was removed. Plaintiff concedes that, considering all of the circumstances, the operation was a successful one. He was discharged by the operating neurosurgeon, Dr. Carl Culicchia, on November 12, 1962 to return to light work. But when he returned to the defendant-employer he was not reemployed. Upon plaintiff’s final discharge by Dr. Culicchia the defendant-insurer discontinued payment of compensation after January 27, 1963. Plaintiff made other visits to the surgeon with various complaints after that date and, in addition, suffered a back strain while attempting to start a lawn mower at his home.
It being economically necessary to do so, plaintiff obtained work with another em *149 ployer on March 28, 1963, a position he retained through the date of trial in June of 1964. After a period of several months during which he became familiar with articles handled by his new employer, an electrical supply company, he has worked as a salesman. He uses his own car and receives a salary of $100 per week. His work involves driving about 100 miles, and making between 10 and 15 calls, per day. He occasionally does some work in a warehouse but is never required to pick up items weighing more than 20 or 25 pounds; other employees do the heavier lifting.
Two lay and three medical witnesses testified relative to the pain in question. They were: plaintiff, his wife, and Drs. Culic-chia, the operating neurosurgeon, G. Ger-non Brown, an orthopedic surgeon, and Homer D. Kirgis, a neurosurgeon whose testimony on deposition was admitted by consent of counsel.
Plaintiff testified that, although the operation gave him a great deal of relief, he has never been completely free of pain since the injury. He has a stiffness and an ache in the neck and back and is troubled with the back when driving or picking up even light objects. He was confined to bed as a result of reinjuring his back when attempting to start the lawn mower and cannot do even his usual work around the house. While plaintiff did have some difficulty distinguishing between aches and pain, we are satisfied from all the testimony that he does experience pain in lifting objects weighing 20 to 25 pounds and that he continues to suffer pain the severity of which depends upon the amount of exertion in which he engages.
Plaintiff’s wife testified that since the accident her husband has been unable to do the house chores, as mowing, painting, etc., which he formerly performed without difficulty and that his back continues to bother him; he has difficulty, for example, in getting up and moving after sitting in one position for some time.
Dr. Culicchia was of the opinion that plaintiff’s complaints are related to a lack of exercise of the low back region. On his last examination he found no obj ective evidence of any substantial disability although he felt plaintiff did have a 5'% disability of the back. However, on several of plaintiff’s recent examinations Dr. Culicchia did find objective symptoms of pain in the lower back. On the last examination, when plaintiff had a cold, he did find a stiffness in the lower back, plaintiff was unable to flex beyond 50 degrees, and there was a marked tightness in the straight leg raising test. He also felt that consultation with an orthopedic surgeon was advisable and that plaintiff should return to work which involved lifting as much as 60 pounds only after a period of lighter work to build up the tone of his muscles. When he had discharged plaintiff to return to his former work this witness had been under the impression that it involved lifting only about 30 pounds.
Dr. Kirgis examined plaintiff on three occasions over a period of about ten months during which time his symptoms and complaints, both subjective and objective, remained essentially the same. He also found a muscular tightness which could be improved with a rigorous course of physiotherapy but he was also of the opinion that the range of mobility could not be completely restored. This doctor felt that plaintiff’s complaints of pain and discomfort were consistent with his injury and symptoms, that he was more likely to have a recurrence if he engaged in work or activities such as heavy lifting which placed undue strain on his back, and that plaintiff should have a disability rating of approximately 20%.
Dr. Brown examined plaintiff on only one occasion shortly before the trial. He also found a muscular tightness and a restriction of motion of the lumbar spine. He was of the opinion that plaintiff had a 10% or 15% impairment in the function of the back and would be subject to further dis *150 comfort and perhaps pain. It was also his opinion that plaintiff could return to his former type of work, including- the lifting of objects weighing approximately 40 to 50 pounds.
A further discussion of the testimony is unnecessary. What constitutes “considerable” pain being dependent upon the facts of each case, it suffices to say, as we did in Wilson v. Fogarty Brothers Transfer Company, supra, that while we alone would have had difficulty in finding that plaintiff’s pain was sufficiently great as to entitle him to recover total and permanent disability benefits, we cannot say the trial judge was manifestly in error in doing so.
The demand for penalties and attorney’s fees is made under LSA-R.S. 22 :- 658, which allows such an assessment when the insurer fails to make payment as required by law and its failure to pay is arbitrary, capricious or without probable cause. Plaintiff agrees that he was not entitled to penalties and attorney’s fees as of the date of discharge, because at that time the defendant-insurer could rely on Dr. Culicchia’s report, but argues that the defendant-insurer became liable for the same when plaintiff later reinjured his back. We do not agree with the contention. The doctor continued to have the same opinion, that plaintiff could resume “his former work, and the defendant-insurer properly continued to rely thereon. See Darden v. Henry E. Johnson, Inc., La.App., 145 So.2d 75. The fact that Dr. Culicchia did not understand plaintiff’s work required lifting objects weighing as much as 50 pounds did not deprive the insurer of its right to rely on his medical report.
As we have indicated, the question of whether or not plaintiff suffered “considerable” pain in performing this work is a close one and the appeal certainly is not frivolous.
The judgment appealed from is affirmed.
Affirmed.