PRICE, Judge.
Plaintiff, Alonzo Tyler, brought this suit for workmen’s compensation benefits against his employer’s insurer, American Mutual Liability Insurance Company. He was an employee of the Brewster Company, Inc. of Shreveport, Louisiana, at the time of his injury.
While engaged in the course of his employment on May 19, 1964, he was involved in an accident in which he received compound fractures of both bones of his lower left leg. He sought recovery for total, permanent disability less a credit for compensation previously received.
Defendant had paid compensation at the rate of $35.00 per week from May 19, 1964, until June 21, 1966, for a total of $3,815.00, and, in addition, paid $2,514.75 in medical expenses.
The case is complicated slightly by the fact that plaintiff suffered a heart attack on November 22, 1964, for which at the time of trial he was still under treatment. His physician in that matter, Dr. Herbert D. Tucker, reported that there was no causal relationship between the accident which is the subject of this litigation and the heart condition.
The defense in the case is that plaintiff had fully recovered from the leg injury and was able to resume his work at the time the compensation benefits were discontinued. Of course, this contention disregards the unrelated heart condition. The district court rejected plaintiff’s demands and plaintiff has appealed.
The following facts are undisputed. Plaintiff was employed by the Brewster Company, Inc. as a turret lathe operator on the date of the accident. He was working within the scope of his employment when a heavy piece of equipment fell on his left leg. As a result of this accident he received compound fractures of both the tibia and fibula. Dr. Harold Bicknell, an orthopedic surgeon, testified that he operated on plaintiff on two occasions. Shortly after the accident he performed an open reduction and carried out internal fixation of the fractures. The healing process was progressing very slowly so in April of 1965 Dr. Bicknell performed a sliding bone graft to the left tibia. Plaintiff remained under the doctor’s care until he was discharged June 16, 1966, at which time Dr. Bicknell reported that his fractures had healed satisfactorily and that he was of the opinion that Tyler would have ten to fifteen percent residual impairment to the lower left extremity. He based this opinion on plaintiff’s complaint of discomfort and pain in the knee and ankle region and limitation of motion in the left ankle and foot. The doctor stated that plaintiff would have no pain directly from the bone itself, but that the prolonged immobilization of the leg limited motion in the ankle which accounted for some pain and discomfort. Dr. Bicknell further testified that on June 16, 1966, he was of the opinion that, without regard to the heart condition, plaintiff could have returned to his normal duties as a turret lathe operator at the Brewster Company. There was no conflict in the medical testimony in this case as Dr. Bicknell was the only medical expert who testified.
Plaintiff contended that when he was released from further medical treatment for his leg injury, the disability which existed in his leg was such that he was not physically able to run his machine.
The only pertinent testimony elicited in the case came from these two witnesses. Based on this testimony we are of the opinion that the plaintiff has not borne the burden of proving that he was totally *439 and permanently disabled at the time of trial.
Plaintiff supports his position by relying on the well-recognized jurisprudence that a compensation claimant cannot be compelled to work in pain. It is pointed out, however, that the application of this rule must rest on the particular facts of each individual case..
In Milligan v. Fidelity and Casualty Co. of New York, 200 So.2d 104 (La.App.3d Cir., 1967), the Third Circuit quoting from Glidden v. Alexandria Concrete Company, 242 La. 625, 137 So.2d 894 (1962), stated:
“ ‘It would be illogical, however, to treat this doctrine as encompassing all degrees of discomfort and make a complete or ‘good-as-new’ recovery essential before an employer may stop compensation payments. The pain must be substantial enough to be disabling in that it either prevents the worker from carrying out some of the functions of his job, or, where the pain is not so intense as to hinder the worker’s fulfillment of his duties, it must be shown that performance of the work would be deleterious to his health. This would be the case where going back to work was possible but doing the work might retard the worker in regaining complete recovery of his health.’ ”
In Wilson v. Fogarty Brothers Transfer Company, 126 So.2d 6 (La.App., 1st Cir., 1961), the Court pointed out that recovery may be allowed only where there is considerable pain and “that the facts of each case must be looked to to determine whether the pain in that case is sufficiently great to justify the award of compensation.”
In Williams v. Travelers Insurance Co., 157 So.2d 356 (La.App., 3d Cir., 1963), the Court stated:
“A compensation claimant is not entitled to compensation for disability in every instance where there is residual discomfort following an industrial accident: the residual pain must be substantial enough to be disabling within the meaning of our compensation act. Glidden v. Alexandria Concrete Co., 242 La. 626, 137 So.2d 894.”
Although the district judge stated no written reasons for his judgment, it can be inferred that he found plaintiff had fully recovered from the operation and what little pain he suffered was normal and would not prevent him from performing his duties as a turret lathe operator.
We find no manifest error in the conclusion reached by the trial judge in this matter. For the foregoing reasons the judgment appealed from is affirmed at appellant’s cost.