BOLIN, Judge.
The lower court rendered judgment for plaintiff for total and permanent disability benefits under the Louisiana Workmen’s Compensation Act but denied his claim for penalties and attorney’s fees. Plaintiff’s employer and the latter’s compensation insurer appeal. Plaintiff answers the appeal reurging his claim for penalties and attorney’s fees.
The primary issue is whether plaintiff is totally and permanently disabled within the meaning of the Workmen's Compensation Act. (La.R.S. 23:1021 et seq.).
*894 Sylvester Ware was employed by Blue Grass Liquor Company to stack cases of whiskey weighing between forty and fifty pounds in a warehouse, to load and unload whiskey on and from trucks, and to occasionally drive a truck. During stacking operations in October, and again in December, 1966, plaintiff sustained injuries to his back.
Ware was first examined by Dr. Ray King, an orthopedic surgeon, on January 5, 1967, and periodically thereafter. He was paid compensation from December 28, 1966, through March 14, 1967, at which time he returned to work and continued to work until December 27, 1967, when he was again examined by Dr. King. As a result of a myelogram it was discovered Ware had a herniated disc, and on January 25, 1968, Dr. King operated, removing the disc at L4-5. On April 3, 1968, plaintiff was released by Dr. King, who instructed him to return to light work and gradually resume his normal work load. He was released by Dr. King as being able to return to work on July 1, 1968.
Ware testified he attempted to return to work but on each occasion was unable to perform his duties for more than one-half day before being forced to go home and rest. He stated there was no “light” work in connection with his employment, and even if he did only odd chores he would suffer pain. The record reflects he made sporadic efforts to return to work but eventually gave up trying. Mr. Grant, his foreman, testified Ware had been a good worker prior to his injury but that he had not performed his regular duties since his operation.
Dr. King and his associate, Dr. Rambach, both of whom examined and treated Ware, testified plaintiff had a good recovery from the operation; that when they discharged him, prior to the time compensation was stopped, plaintiff had fully recovered from his injuries and surgery and was able to return to work. Dr. King modified his testimony to the extent of saying Ware should exercise his back and do lighter work than lifting for a period of six to eight weeks before returning to his usual duties. He felt this exercise would be necessary to restore muscle tone and elasticity and would give sufficient time for the soreness from the unaccustomed activity to abate. It was his opinion that following this period of exercise plaintiff should be able to return to his usual manual labor.
All examinations made by Dr. King following plaintiff’s recovery from the surgery were negative as to objective symptoms of any nerve root involvement or further complications with the back. However, Dr. King did not believe plaintiff was malingering; rather he thought plaintiff’s pains resulted from his failure to take sufficient regular exercise to get back in shape to work.
Appellants urge that plaintiff’s subjective symptoms of pain were the result of his inactivity rather than referrable to the back injury; that the evidence was insufficient to prove plaintiff was unable to return to work or that he suffered substantial or appreciable pain when working.
Over objection of appellants the case was held open for the taking of a deposition from Dr. T. A. Norris, an orthopedic surgeon, who, it was learned, apparently for the first time during trial, had examined plaintiff for the United States Department of Health, Education and Welfare, Division of Social Security. Since reports to that agency are confidential, plaintiff’s attorney asked Dr. Norris to reexamine plaintiff and the deposition was taken for use in lieu of his testimony in open court. We think the trial judge properly held the case open for securing the testimony of Dr. Norris. The testimony was relevant and it is the duty of the trial judge to admit all evidence that will aid him in learning the true facts in order to do justice to all litigants.
Dr. Norris’ testimony accords with that of Dr. King in many respects. Dr. King *895 assigned an arbitrary ten per cent permanent partial disability to plaintiffs body as a whole on the basis of a successful operation and uneventful recovery. Dr. Norris placed the permanent partial disability at ten to fifteen per cent. Dr. Norris found some objective symptoms indicating limitation of motion and substantial pain during certain tests. He also testified plaintiff’s back muscles were weak and lacked tone from inactivity. On cross-examination he stated he believed with proper exercises plaintiff could be restored to his previous muscle strength. However, Dr. Norris concluded that, in his opinion, with the definite disability plaintiff sustained he would not then, or in the foreseeable future, be able to do the repetitious work of lifting and stacking whiskey cases weighing between forty and fifty pounds.
Counsel for appellants have urged in their brief the applicability of the following legal precepts:
1. In a compensation case, as well as in any other civil suit, plaintiff must prove his case by a preponderance of the evidence, and speculation, conjecture or mere possibility is insufficient.
2. A workman is not entitled to recover compensation even though he suffers minimal pain. To be compensable the pain must must be substantial and appreciable.
3. The testimony of the treating physician must generally be given more weight than the testimony of a physician who examines plaintiff but once and then solely for the purpose of testifying.
4. Where there is no material conflict in the medical evidence lay testimony will not be considered as to an employee’s disability.
The principles enumerated above are evi-dentiary rules. They are guides for a court to use in evaluating and weighing all the evidence in a given case.
The medical evidence was in material conflict and the district judge concluded from the testimony of Dr. Norris and the lay witnesses that plaintiff would not be able to return to his normal duties within the foreseeable future.
From our study of the record, including the trial judge’s reasons, we find the lower court correctly applied these rules in concluding plaintiff was totally and permanently disabled within the meaning of the Louisiana Workmen’s Compensation Act.
In view of Dr. King’s recommendation and defendants’ reliance thereon, we are convinced the failure of defendants to continue compensation payments was not arbitrary and, therefore, did not justify the imposition of penalties and attorney’s fees.
The judgment is affirmed at appellants’ cost.