SAMUEL, Judge.
On December 9, 1969, plaintiff filed this suit against Peter Kiewit & Sons Company and Aetna Casualty & Surety Company, Kiewit’s workmen’s compensation insurer, seeking to recover compensation benefits for injuries he sustained while employed by Kiewit.
After trial on the merits, there was judgment against Kiewit alone awarding plaintiff compensation benefits together with interest, a penalty of 12% of the total amount of those benefits and an attorney’s fee of $300. On April 14, 1971, following the granting of a new trial, the same judgment was rendered against Kiewit and Aetna in solido. Both defendants have appealed from the judgment of April 14, 1971.
On appeal appellants do not contest the compensation award. In this court they contend: (1) The imposition of penalties and attorney’s fees was improper; and (2) the trial court was in error in granting a new trial, and was without authority to amend its judgment first rendered, because that first judgment had become final. As we agree with the first contention, a consideration of the second is unnecessary.
The injury was sustained on October 9, 1969 while plaintiff was loading or unloading water cans during the course of his employment by Kiewit. On that day he was given some first aid treatment and was sent by his supervisor to Dr. David J. Vial, a general surgeon.
Dr. Vial diagnosed the injury as a tear or pull of a back muscle. He saw plaintiff on four occasions and administered conservative treatment consisting of muscle relaxants, local applications of medicine and heat and heat treatments. The doctor also referred plaintiff to Dr. Walter H. Brent, an orthopedic specialist, who first examined him on November 4, 1969 and saw him on three subsequent occasions.
Plaintiff continued to work for Kiewit from the date of his injury on October 9, 1969 until the termination of his employment on October 27, 1969. With the exception of one day, during that time he was assigned the same duties as those he had been performing prior to the injury. Plaintiff testified that, although he did have someone to help him, he was unable to do the work.
The record contains three medical reports. One is from Dr. Brent dated November 4, 1969 and addressed to Aetna; it basically confirmed Dr. Vial’s diagnosis, contained no essential objective findings, and suggested that the plaintiff “continue working”. The second, dated January 2, 1970, is from Dr. Vial; it states plaintiff was able to resume regular work on October 9, 1969, the date of the injury. The third is a second report from Dr. Brent, dated January 14, 1970 and also addressed to Aetna, in which the doctor states plaintiff can be discharged and is in no need of further treatment.
However, when Dr. Brent testified during the trial he contradicted his November 4, 1969 report to Aetna to some extent. He testified that following his examination of November 4, 1969 it was his opinion plaintiff should return to light work and *469 should not lift heavy water cans as he was doing at the time he was injured.
Penalties and attorney’s fees for failure to pay a workmen’s compensation claim within the required time can be imposed on an employer only by virtue of LSA-R.S. 23:1201.2. That statute permits recovery of penalties and attorney’s fees only against an employer who “is not covered by insurance”. As the employer in this case was covered by workmen’s compensation insurance issued by Aetna, penalties and attorney’s fees cannot be imposed on Kiewit.
Penalties and attorney s fees for failure to pay a workmen’s compensation claim within the required time can be imposed on a workmen’s compensation insurer only by virtue of LSA-R.S. 22:658. That statute permits recovery of penalties and attorney’s fees against such an insurer “when such failure [to pay the amount of the claim] is found to be arbitrary, capricious, or without probable cause”. Under our settled jurisprudence penalties and attorney’s fees cannot be awarded against a workmen’s compensation insurer where it reasonably relied on medical reports indicating the employee could return to his usual occupation and duties.[1]
In the instant matter, from the time of plaintiff’s injury on October 9, 1969 until the filing of this suit on December 9, 1969, the defendant insurer had the benefit of one medical report dated November 4, 1969 from Dr. Brent. In that report the doctor recommended, without qualification, that the plaintiff continue working. In addition, Dr. Vial was of the opinion that plaintiff could continue his regular work even from the date of the accident. Under these and the other circumstances here involved, Aetna was entitled to rely upon its medical information and its failure to pay the compensation benefits was not “arbitrary, capricious, or without probable cause”. Penalties and attorney’s fees cannot be imposed on Aetna.
For the reasons assigned, the judgment appealed from is amended by removing therefrom and disallowing any award of penalties or attorney’s fees. As thus amended, and in all other respects, the judgment appealed from is affirmed; costs of this appeal to be borne by the plaintiff-appellee.
Amended and affirmed.

. Christophe v. Southern Bridge Company, La.App., 250 So.2d 822; Ware v. Blue Grass Liquor Company, La.App., 232 So.2d 893; Boyer v. Gulf Tool Company, La.App., 174 So.2d 147; Chase v. Warren Petroleum Corporation, La.App., 168 So.2d 861; Guillory v. Hartford Accident and Indemnity Co., La.App., 168 So.2d 360.