CHEHARDY, Judge.
Defendants appeal from a judgment awarding plaintiff medical benefits for injuries to his left wrist up to the full amount allowed by the workmen’s compensation law, including surgery as necessary and all court costs. The trial court properly found that plaintiff’s present need for medical help and surgery is the result of an injury to his wrist which aggravated a pre-exist-ing fracture and a degenerative condition.
Appellants’ brief makes reference to an exception of prescription to weekly compensation benefits claimed by plaintiff.
Plaintiff-appellee asks that the judgment of the trial court be amended to award reasonable attorney’s fees.
Plaintiff Peter Price, a general laborer, was employed by defendant Emile Babst Company, Inc., to dig ditches for the laying of plumbing pipes. Plaintiff, on January 14, 1975 while walking down some steps carrying tools, tripped on an electric cord and fell down several steps. All of his weight fell on his left hand, causing injury to his wrist.
Evidence, documentary and testimonial, established that plaintiff had for many years — at least 11 — performed basically heavy manual labor, including ditch digging, acting as a carpenter’s helper and *CMLXXXIV performing other assorted jobs. He has consistently denied any injury, discomfort or pain in his left wrist prior to the accident. He states that he had never made any claim for medical treatment or compensation other than for the injury of January 14, 1975.
Medical testimony of three doctors and x rays established that plaintiff had suffered fractures to the navicular and a degenerative condition in the wrist prior to the fall.
Dr. Kenneth Addato, who examined plaintiff on February 5, 1976, found plaintiff to be suffering from a post-traumatic arthritis of the wrist of a severe nature and recommended surgery to relieve the pain in the wrist. Dr. Adatto further testified that, in his opinion, the cause of Price’s condition was the trauma sustained on February 14, 1975, because by history plaintiff had been asymptomatic prior to that time and has not been free of pain since that time.
A reading of the transcript of testimony, including depositions and the testimony of all the doctors, fails to disclose any semblance of that manifest error necessary for this court to disturb the trial court’s findings. In Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973), the Court stated:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.
“See: Andrews v. Williams, 281 So.2d 120 (La.1973); Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276 (1964); Schlesinger v. Fontenot, 235 La. 47, 102 So.2d 488 (1958); Holmes Co. v. Foret, 229 La. 360, 86 So.2d 66 (1956); Rosenthal v. Gauthier, 224 La. 341, 69 So.2d 367 (1953); Rhodes v. Sinclair [Refining Co.], 195 La. 842, 197 So. 575 (1940); and many other decisions cited at West’s Louisiana Digest ‘Appeal and Error’, [Key] Nos. 1008 and 1011. See also: Robertson, Appellate Review of Facts in Louisiana, 21 La.L.Rev. 402 (1961).”
The jurisprudence is abundantly clear that an employer takes the employee as he finds him and that an employee’s disability or medical need is to be awarded if an accident aggravates or accelerates a pre-existing condition to produce disability or medical need. Cadiere v. West Gibson Products Co., Inc., 364 So.2d 998 (La.1978); Crawford v. Al Smith P. and H. Service, Inc., 352 So.2d 669 (La.1977).
The trial court did not try the exception of prescription.[1] Furthermore, plaintiff’s claim for compensation benefits was dismissed by the trial court.
By answer to the appeal appellee seeks modification to award penalties and attorney’s fees authorized by R.S. 22:658. When an insurer relies on the report of a medical expert to the effect that the dis *CMLXXXV ability for which medical and surgical treatment is required was not caused by the industrial accident, it cannot be said the employer acted arbitrarily, capriciously or without probable cause in denying plaintiff’s claim. See Butler v. Peter Kiewit & Sons Company, 281 So.2d 467 (La.App. 4th Cir. 1973). Fees and penalties are not due in this case.
Accordingly, the judgment appealed from is affirmed at defendants’ costs.

AFFIRMED.

. In this court defendants mention the plea of prescription without vigorously arguing it. We note the claim for medical payments has not prescribed. R.S. 23:1203 establishes medical payments as a separate and distinct right from any form of disability benefit. In Blanchard v. Liberty Mutual Insurance Co., 280 So.2d 592 (La.App. 3d Cir. 1973), the court pointed out the preemption or prescription specified in R.S. 23:1209 controls medical payment claims by an injured employee. Where a medical payment is made within a year of the time suit is filed, prescription quoad the medical pay claim is interrupted. Defendants’ records on payment of medical bills is sketchy; however, we know Dr. Ray Haddad discharged plaintiff June 20, 1975 and suit was filed within a year of that time.