YELVERTON, Judge.
This is a worker’s compensation case governed by the law prior to the 1983 amendments. The defendant, the State of Louisiana, through the Department of Transportation and Development, complains of two rulings. First, DOTD argues that the trial court erred in failing to grant its exception of prematurity. Second, it appeals from the trial court’s judgment in favor of the plaintiff finding that the plaintiff is working in substantial pain entitling him to compensation benefits and that the defendant was arbitrary and capricious in failing to pay those benefits entitling plaintiff to penalties and attorney’s fees. We reverse the award of penalties and attorney’s fees. In all other respects the judgment is affirmed.
EXCEPTION OF PREMATURITY
We quote the trial court’s ruling on this except which describes the pleadings, the defendant’s arguments, and the basis for the court’s ruling:
“Plaintiff alleged in his pleading that he is totally and permanently disabled. However, plaintiff admitted at the hearing of this exception that he has returned to work for lesser pay and in substantial pain. Mr. Brunson also admits that he is receiving supplemental benefits from defendant. In these proceedings, Mr. Brunson seeks a higher rate of compensation than what he is receiving based on his alleged total and permanent disability.
“Defendant contends that Mr. Brun-son’s claim for additional compensation benefits is premature under Section 23:1314.
“L.S.A.-R.S. 23:1314 (prior to the 1983 amendments) stated in relevant part, ‘Unless in the verified petition above referred to it is alleged (where the petition is filed by the employee or his dependents) that the employee or the dependents is not being or has not been paid, *1351 and that the employer has refused to pay, the maximum per cent of wages to which petitioner is entitled under the provisions of this Chapter, ... the presentation or filing of such petition shall he premature and shall be dismissed; when such allegations are contained in such petition and are denied by the employer at the time fixed thereunder by the court, if it be shown that such allegations are without reasonable cause or foundation in fact, such petition shall be dismissed; ... ’
“Plaintiff has alleged in his petition that he is totally and permanently disabled, that he is entitled to the corresponding compensation benefits, and that he is not being paid these benefits. Plaintiffs petition unquestionably meets the requirements of Section 23:1314. At the hearing, defendant did show that plaintiff is being paid supplemental benefits. Evidently, defendant’s premise for its exception is that plaintiffs return to work only entitles him to supplemental benefits (which he is being paid). However, under the worker’s compensation laws then in effect, a claimant who returns to work may still be entitled to total and permanent disability benefits under certain circumstances. Obviously, this section does not require that the Court determine at the hearing of the exception what benefits a claimant is entitled to. Rather, his section requires that a plaintiff plead certain facts and that these pleadings have some foundation. As plaintiff has alleged the circumstances entitling him to total and permanent disability benefits (as well as the non-payment of these benefits) and defendant has failed to prove that these allegations are without reasonable cause or foundation, this Court can only conclude that plaintiff’s petition is not premature under Section 23:1314.
“For the above reasons, this Court holds that defendant’s exception of prematurity is without merit.”
The exception of prematurity was properly overruled.
DISABILITY
The law then applicable to the trial court’s finding of total disability was well stated in Lamette v. Morrison Assurance Co., 461 So.2d 351 (La.App. 2nd Cir.1984) as follows:
“An employee is considered to be disabled if he is unable to engage in any self-employment or gainful occupation for wages without experiencing substantial pain. LSA-R.S. 23:1221(1) and (2). An employee is not required to work in substantial pain. Tyler v. American Mutual Liability Insurance Co., 212 So.2d 437 (La.App. 2d Cir.1968); Durham v. G & H Drug Company, 216 So.2d 878 (La.App. 2d Cir.1968).
“Whether an injured employee’s pain is substantial enough to render him unable to work is a question of fact. Hebert v. Your Food Processing & Warehouse, Inc., 248 La. 197, 177 So.2d 286 (1965); Lucas v. Ins. Co. of North America, 342 So.2d 591 (La.1977). The trier of fact’s determination on the pain issue should not be disturbed on appeal if there is reasonable evidence before the trier which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the determination, unless such finding is clearly wrong. Crump v. Hartford Acc. & Indem. Co., 367 So.2d 300 (La.1979); Kraemer v. Louisiana Power & Light Co., 393 So.2d 346 (La.App. 1st Cir.1980); Ellis v. Rapides Parish School Bd., 419 So.2d 990 (La.App. 3d Cir.1982). Whether the pain is substantial enough to be disabling is ordinarily not a medical question but is an issue to be determined by the trier of fact on the totality of the evidence, both medical and lay. Tantillo v. Liberty Mutual Insurance Company, 315 So.2d 743 (La.1975); Lucas v. Ins. Co. of North America, supra; Bordelon v. Ranger Ins. Co., 413 So.2d 962 (La.App. 3d Cir.1982).”
In the present case the trial judge elaborately set out the facts and delivered extensive written reasons finding the plaintiff to *1352 be totally and permanently disabled due to substantial pain. We quote from those reasons:
“Many facts concerning this case were either stipulated to or undisputed. Among these facts were that prior to his accident, Mr. Brunson was employed by the defendant as a mechanic grade three. On the date of the accident, August 24, 1982, he was lifting a truck transmission when he felt a severe pain in his back. Mr. Brunson was found to have injured his back which was superimposed upon a spondylolisthesis (a slippage of one bone on top of another) at the L5-S1 level. Plaintiff was operated on several months later for decompression of the nerve roots at that level and a spinal fusion was performed. Following this surgery, Mr. Brunson was seen by Dr. Douglas Gamburg on a fairly regular basis.
“Mr. Brunson received total and permanent benefits of $183.00 per month from the date of the accident until October 1, 1984, at which time he returned to work as an operator grade one. Plaintiff has worked continuously since that time earning $1293.00 per month as opposed to the $1652 per month salary which he received prior to the accident. Therefore, defendant is presently paying supplemental earnings benefits to plaintiff, as it has done since Mr. Brunson’s return to work. All of plaintiffs medical care has been provided or paid for by defendant.
“The main issue in this case is whether Mr. Brunson is presently working in substantial pain, as understood under the 1975 Worker’s Compensation Act, which, if found, would entitled him to total and permanent disability benefits.
“Mr. Brunson states he has a high school education with no special training. His prior employment was as a laborer and as a carpenter’s helper. Mr. Brun-son further testified that the duties of his former job, mechanic three, consisted of overhauling large motors in trucks and cars. This entailed heavy physical labor such as climbing, lifting heavy (100 pound) objects, twisting and bending. According to plaintiff, he can no longer perform any of these activities.
“Mr. Brunson indicated that his return to work in October 1984 as an operator was necessitated by his financial situation (and apparently not by any improvement in his back). He stated that the $183.00 per week benefits which he was receiving were insufficient to live on. According to Mr. Brunson, he informed Dr. Gamburg of his situation and Dr. Gamburg complied with his request to be released. Plaintiff explained that Dr. Gamburg’s releasing him without restriction was also at his request, as he told Dr. Gamburg that his employer would not allow him to return on light duty work (which, if given a restricted release, is all he would be allowed to do).
“Plaintiff’s new duties as an operator include driving a dump truck and other manual labor such as flagging traffic, repairing potholes, and digging ditches. Plaintiff states that riding in the truck for longer than an hour results in so much pain that he is forced to get out of the truck and sit, kneel or lay down as well as take a Tylenol 3 with codeine. Mr. Brunson’s back also hurts him when he has to stand too long. In summary, he states that he has difficulty with his back every day and his pain all day. This pain is described as being similar to the pain from hitting one’s finger with a hammer.
“Mrs. Brunson, plaintiff’s wife, also testified as to her husband’s present condition. She states that plaintiff can no longer perform ordinary jobs such as gardening, mowing, or mechanic type work at home. Mr. Brunson complains of pain after work every day according to his wife, which pain is evidenced by his grouchiness. Mrs. Brunson confirmed that her husband takes Tylenol 3 with codeine every day to ease his pain.
“George Wiley, a co-worker of Mr. Brunson, testified that plaintiff comes to *1353 work in pain. According to Mr. Wiley, plaintiff complains of pain in his back two to three times per day. Mr. Wiley has seen plaintiff kneel down at times and even lay in a ditch to ease his pain.
“The medical testimony consisted of depositions by Dr. Gamburg and Dr. John Patton, a neurosurgeon who performed Mr. Brunson’s surgery along with Dr. Gamburg and who saw Mr. Brunson in connection with his injury several times.
“Dr. Gamburg, DeLloyd Brunson’s treating physician who performed the spinal fusion, assigned a 30 percent permanent bodily impairment to Mr. Brun-son. It is Dr. Gamburg’s opinion that plaintiff is incapable of performing anything but the most sedentary job because of the difficulties he will have with repeated bending, pushing, pulling and lifting. Dr. Gamburg confirmed that Mr. Brunson had asked him for a release, which request he granted despite the risk of recurrent back pain. The last time Dr. Gamburg saw plaintiff was November 1985 at which time Mr. Brunson had complaints of increased back pain.
“Dr. Patton, who performed part of the surgery on plaintiff and had several follow-up visits with him, testified that Mr. Brunson will have persistent back pain due to his injury. Restrictions placed on plaintiff by Dr. Patton include no repetitive bending, no lifting objects heavier than 25 pounds, and no prolonged sitting or standing. In Dr. Patton’s opinion, violation of these restrictions by Mr. Brunson will result in significant pain.
“Dennis Chelette was called to testify on behalf of the defendant. Mr. Chelette is plaintiff’s supervisor and is a parish maintenance superintendent for the Louisiana Department of Transportation and Development. He testified that Mr. Brunson performs his job satisfactorily. However, Mr. Chelette knows that plaintiff can not do heavy lifting and has himself loaded sacks for Mr. Brunson because of his disability.
“At the time of Mr. Brunson’s injury, the law in Louisiana was to the effect that a worker is entitled to total and permanent benefits if he is unable to pursue any gainful employment without experiencing substantial pain. Rachal v. Highlands Insurance Company, 355 So.2d [1355] (La.1978); Olson v. Ins. Co. of State of Pa., 471 So.2d 1151 (La.App. 3 Cir.1985).
“Initially, this Court finds that Mr. Brunson is presently engaged in practically the only employment available to him. His lack of education and training severely limit his possibilities and furthermore, the defendant has shown no other employment available to the plaintiff. Mr. Brunson did testify that he had once been a carpenter’s helper, but the restrictions placed on Mr. Brunson by Drs. Gamburg and Patton indicate that he could not perform the physical activities required by that job.
“Secondly, it is the finding of this Court that plaintiff can not perform his present employment without experiencing substantial pain. Plaintiff’s testimony to this effect was corroborated by each witness who testified at the trial. Mr. Brunson’s evident discomfort in the courtroom (which resulted in his having to take a Tylenol) added to his credibility. In addition, Dr. Patton testified that Mr. Brunson would experience persistent back pain due to his injury. Dr. Gam-burg added to this testimony by stating that plaintiff is incapable of performing anything but the most sedentary jobs. Both doctors agree that activities such as bending, sitting and lifting will result in pain to Mr. Brunson’s back.
“Though not necessary, this Court also finds that DeLloyd Brunson fits under the odd-lot doctrine. Mr. Brunson presently engages in a very unique occupation in which his co-workers and supervisor tolerate his pain and disabilities. Considering plaintiff’s physical status and lack of education and training, it is clear to this Court that the services which Mr. Brunson can perform are so *1354 limited that a stable market for those services does not exist. See Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980).
“This Court therefore holds that DeL-loyd Brunson is found to be totally and permanently disabled and entitled to worker’s compensation benefits in the amount of $183.00 per week from the date of his injury. Defendants are allowed a credit for compensation paid.
“In addition, the defendant has had available to it: (1) all of the facts revealed by Mr. Brunson’s supervisor and co-workers, (2) all of the medical records, and (3) the ability to observe Mr. Brun-son in his daily activities and therefore had knowledge of plaintiff’s substantial physical impairment requiring him to work in pain. By terminating total disability benefits in favor of partial disability benefits, defendants have become liable for penalties of twelve percent on unpaid compensation as well as attorneys fees of $4,000.00.”
A review of the evidence shows no manifest error in the award based on total and permanent disability. We disagree with the trial court, however, with regard to the award of penalties and attorney’s fees.
PENALTIES AND ATTORNEY’S FEES
What must be tested is the reasonableness of the DOTD’s discontinuance of payments of total and permanent benefits when plaintiff returned to work.
The plaintiff got his physician to write him a release to return to work even though the doctor warned him of the risk of recurrent back pain. When he went back to work the defendant terminated total and permanent benefits based on total and permanent disability and began paying supplemental earnings benefits. The plaintiff went back to work enduring pain in order to earn a full salary. He never quit working due to the pain. The medical reports given to the defendant did not notify it of plaintiff’s risk of recurrent back pain. Even though defendant’s employees might have noticed plaintiff working in pain this alone would not have required defendant to reinstate total and permanent benefits.
On the facts we find it entirely reasonable for the DOTD to terminate the initial benefits and subsequently begin paying plaintiff supplemental benefits once plaintiff was unconditionally released back to work by his physician. See Duplechain v. Offshore Shipyard, Inc., 481 So.2d 176 (La.App. 4th Cir.1985), writ denied 484 So.2d 673 (La.1986).
For the above reasons, the judgment of the trial court assessing penalties and attorney’s fees against the defendant is reversed. In all other respects the judgment is affirmed, costs of this appeal to be paid by defendant.
AFFIRMED IN PART AND REVERSED IN PART.